IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEPHANIE LYN SMITH,

               Plaintiff,

   vs.

Maj. WINNIE LOK-PARK; MSgt.
JAMES  W. FULLER; and TSgt.
HOLLY L. BURKE,

               Defendants.

_____/

No. CIV S-09-3314 GEB EFB PS

ORDER TO SHOW CAUSE

     This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  On November 25, 2009, defendants removed this action from Solano County Superior Court pursuant to 28 U.S.C. § 2679(d)(2), on the basis that "[d]efendants were acting within the course and scope of their employment with the United States of America at all times material to the allegations in the complaint."  Dckt. No. 1.  It appears defendants' removal of this action was proper.  *See* 28 U.S.C. § 1447(c) (stating that district courts have an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction).  Pursuant to 28 U.S.C. § 1346(b), the United States district courts "have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal

1

injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ."  28 U.S.C. § 1346(b)(1).  Section 2679(d)(2) provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending."  28 U.S.C. § 2679(d)(2).  "This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal."  *Id.*  Plaintiff's complaint seeks damages for an injury she allegedly suffered as a result of defendants' search of her medical records, and defendants' notice of removal included a certification that the defendants were acting within the course and scope of their employment with the United States at all times material to plaintiff's allegations.  Dckt. No. 1-5.

On December 7, 2009, defendants filed a motion to dismiss plaintiffs' complaint for lack of subject matter jurisdiction, and noticed the motion for hearing on January 6, 2010.  Dckt. No. 7.  However, court records reflect that plaintiff has filed neither an opposition nor a statement of non-opposition to the motion.  Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by December 23, 2009.  Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

Local Rule 183, governing persons appearing *in pro se*, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction.  Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all

1    sanctions authorized by statute or Rule or within the inherent power of the Court."  "Failure to

2    follow a district court's local rules is a proper ground for dismissal."  *Ghazali v. Moran*, 46 F.3d

3    52, 53 (9th Cir. 1995).  *Pro se* litigants are bound by the rules of procedure, even though

4    pleadings are liberally construed in their favor.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.

5    1987).

6            Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

7            1.  The hearing on defendants' motion to dismiss is continued to February 3, 2010, at

8    10:00 a.m., before the undersigned.

9            2.  Plaintiff shall show cause, in writing, no later than January 20, 2010, why sanctions

10   should not be imposed for failure to timely file an opposition or a statement of non-opposition to

11   the pending motion.

12           3.  Plaintiff shall file an opposition to the motion, or a statement of non-opposition

13   thereto, no later than January 20, 2010.

14           4.  Failure of plaintiff to file an opposition will be deemed a statement of non-opposition

15   to the pending motion, and may result in a recommendation that defendants' motion to dismiss

16   for lack of subject matter jurisdiction be granted and/or that this action be dismissed for lack of

17   prosecution.  *See* Fed. R. Civ. P. 41(b).

18           5.  Defendants may file a reply to plaintiff's opposition, if any, on or before January 27,

19   2010.

20           SO ORDERED.

21   DATED:  December 30, 2009.

                                                    EDMUND F. BRENNAN
22                                                  UNITED STATES MAGISTRATE JUDGE

23

24

25

26