IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHANIE LYN SMITH, | | |
| | Plaintiff, | No. CIV S-09-3314 GEB EFB PS |
| vs. | | |
| Maj. WINNIE LOK-PARK; MSgt. JAMES W. FULLER; and TSgt. HOLLY L. BURKE, | | |
| | Defendants. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| _____/ | | |

This case, in which plaintiff is proceeding *pro se*, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). On November 25, 2009, defendants removed this action from Solano County Superior Court pursuant to 28 U.S.C. § 2679(d)(2), on the basis that "[d]efendants were acting within the course and scope of their employment with the United States of America at all times material to the allegations in the complaint." Dckt. No. 1. On December 7, 2009, defendants filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction, and noticed the motion for hearing on January 6, 2010. Dckt. No. 7.

Because plaintiff failed to file an opposition to the motion to dismiss, on December 30, 2009, the undersigned continued the hearing on the motion to dismiss to February 3, 2010; directed plaintiff to show cause, in writing, no later than January 20, 2010, why sanctions should

1

not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion; and directed plaintiff to file an opposition to the motion, or a statement of non-opposition thereto, no later than January 20, 2010. Dckt. No. 8. The order further stated that "[f]ailure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that defendants' motion to dismiss for lack of subject matter jurisdiction be granted and/or that this action be dismissed for lack of prosecution. *See* Fed. R. Civ. P. 41(b)."

The deadline to respond has passed and the court docket reflects that plaintiff has not responded to the order to show cause nor filed an opposition or statement of non-opposition to defendants' motion. In light of plaintiff's failures, the undersigned will recommend that this action be dismissed for failure to prosecute and that defendants' motion to dismiss be denied as moot. *See* Fed. R. Civ. P. 41(b); L.R. 110.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing date of February 3, 2010 on defendants' motion to dismiss, Dckt. No. 7, is vacated; and

2. The status (pretrial scheduling) conference currently set for hearing on March 31, 2010, is vacated.[1]

It is FURTHER RECOMMENDED that:

1. This action be dismissed pursuant to Federal Rule of Civil Procedure 41(b), based on plaintiff's failure to prosecute the action;

2. Defendants' motion to dismiss, Dckt. No. 7, be denied as moot; and

////

////

---

[1] As a result, the parties are not required to submit status reports as provided in the November 30, 2009 order. *See* Dckt. No. 3 at 2. However, if the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

1   3. The Clerk of Court be directed to close this case.

2   These findings and recommendations are submitted to the United States District Judge 3 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days 4 after being served with these findings and recommendations, any party may file written 5 objections with the court and serve a copy on all parties. Such a document should be captioned 6 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections 7 within the specified time may waive the right to appeal the District Court's order. *Turner v.* 8 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

9   DATED: January 25, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3